## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | CRIM. NO. 16-282 (PG) |
| **ROBERTO MARTINEZ-RIVERA [42],** | |
| Defendant. | |

## <u>ORDER</u>

Before the Court is defendant Roberto Martinez-Rivera's ("Martinez") motion to withdraw his guilty plea. <u>See</u> Docket No. 2748. For the reasons detailed below, Martinez's motion is **DENIED**.

On May 9, 2016, a Grand Jury returned a three-count indictment against Martinez and forty-nine codefendants. Martinez pled guilty to a single count on March 25, 2019.[1] Forty-three days later, on May 7, Martinez filed a pro-se motion to withdraw his guilty plea. Said motion was stricken from the record. On June 17 – 84 days after Martinez pled guilty – he once again moved (this time through counsel) to withdraw the guilty plea.

## I. <u>LEGAL STANDARD</u>

A defendant does not have an absolute right to withdraw a guilty plea. <u>See</u> <u>United States v. McMullin</u>, 568 F.3d 1, 8 (1st Cir. 2009); <u>United States v. Marrero-Rivera</u>, 124 F.3d 342, 347 (1st Cir. 1997). "When a defendant moves to withdraw a guilty plea after the court has accepted it but before the court has sentenced him, he may do so only if he 'can show a fair and just reason for requesting the withdrawal.'" <u>United States v. Caramadre</u>, 807 F.3d 359, 366 (1st Cir. 2015) (quoting

---

[1] Martinez pled guilty to Count One of the indictment: a violation of the Racketeer Influenced Corrupt Organizations Act ("RICO") pursuant to 18 U.S.C. Sec. 1962.

Fed. R. Crim. P. 11(d)(2)(B)).  A defendant carries the burden of making such a showing. See

Marrero-Rivera, 124 F.3d at 347.

"Critical to the plea-withdrawal inquiry is whether the original guilty plea was knowing,

intelligent, and voluntary." Caramadre, 807 F.3d at 366 (citing United States v. Aker, 181 F.3d 167,

170 (1st Cir.1999)). See also United States v. Pagan-Ortega, 372 F.3d 22, 28 (1st Cir.2004). "Other

relevant considerations, include: (1) the plausibility and weight of the proffered reason; (2) the

timing of the request; (3) whether the defendant asserted legal innocence; and (4) whether the

parties had reached, or breached, a plea agreement." Marrero-Rivera, 124 F.3d at 347. Finally, if

the weighing of these factors tilts the scales in favor of withdrawing the guilty plea, courts must

consider the prejudice such a withdrawal would visit upon the government. See id. (citing United

States v. Doyle, 981 F.2d 591, 594 (1st Cir.1992)).

## II. DISCUSSION

The Court now looks to determine whether Martinez presents a fair and just reason to

withdraw his guilty plea. While the "fair and just" standard is the framework of the plea-withdrawal

inquiry, the Court is guided by the factors detailed above. See Caramadre, 807 F.3d at 366-67.

*A. Knowing, Intelligent and Voluntary*

The chief indicators of a knowing, intelligent and voluntary plea are that a defendant (1) be

free of coercion, (2) understand the charges and (3) know the consequences of entering a guilty

plea. See United States v. Isom, 85 F.3d 831, 835 (1st Cir. 1996). Martinez's plea checks all three

boxes, and more.

At the Rule 11 colloquy, the Court inquired at length as to these considerations. Martinez's

answers to the Court evinced that he was not coerced to plead guilty, demonstrated that he

understood the charges against him (which were detailed extensively at the colloquy), and had

knowledge of the possible consequences of entering a guilty plea. See Docket No. 3021. To wit, the

Court took care to explain the process to Martinez and was careful to follow the precepts of Rule 11.

See id. Indeed, "strict compliance with Rule 11 is quite often dispositive in determining whether a

defendant has knowingly and voluntarily entered a guilty plea." <u>United States v. Austin</u>, 948 F.2d 783, 787 (1st Cir. 1991). <u>See also</u> <u>Halliday v. United States</u>, 394 U.S. 831, 832 (1969); <u>United States v. Ketchen</u>, No. 1:13-CR-00133-JAW-02, 2016 WL 3676150, at *15 (D. Me. July 6, 2016), <u>aff'd,</u> 877 F.3d 429 (1st Cir. 2017).

The mainstay of Martinez's argument is that his plea was not knowing, intelligent and voluntary because he did not have enough time to make up his mind, and was rushed into accepting the plea bargain. This, however, is belied by the record. During the Rule 11 colloquy, the following exchange took place:

> THE COURT: Have you had enough time to consult with your attorney before this afternoon?
>
> THE DEFENDANT: 15 minutes or 20.
>
> THE COURT: But the question is, do you think that's enough time, and are you satisfied with his services until now?
>
> THE DEFENDANT: Yes.

Docket No. 3021 at 3. This is no formulaic analysis that turns on a predetermined amount of time the defendant must spend, *de rigueur*, in consultation with his attorney prior to entering a guilty plea. What matters here is that Martinez declared in open court that he felt that he had sufficiently consulted with his attorney to enter his guilty plea. He was free to state otherwise if he so felt. The Court must take him at his word. <u>See</u> <u>United States v. Mescual-Cruz</u>, 387 F.3d 1, 9 (1st Cir. 2004); <u>United States v. Alegria</u>, 192 F.3d 179, 186 (1st Cir. 1999).

Thus, the Court concludes that Martinez entered a knowing, intelligent and voluntary plea.

B. *Timing*

"The timing of a motion to withdraw a guilty plea is significant. Delayed requests, even if made before sentencing, are generally regarded with disfavor." <u>United States v. Parrilla-Tirado</u>, 22 F.3d 368, 373 (1st Cir. 1994). "While an immediate change of heart may well lend considerable force to a plea withdrawal request, a long interval between the plea and the request often weakens any claim that the plea was entered in confusion or under false pretenses." <u>Doyle</u>, 981 F.2d at 595.

"A motion to withdraw a plea that is filed within 'a day or so' of entering the plea indicates a 'swift change of heart' due to haste or confusion in entering the plea, while a longer delay requires stronger reasons to support withdrawing the plea." United States v. Fernandez-Santos, 136 F. Supp. 3d 160, 166 (D.P.R. 2015), aff'd, 856 F.3d 10 (1st Cir. 2017) (quoting United States v. Ramos, 810 F.2d 308, 312 (1st Cir.1987)). To be sure, courts have looked at periods "as brief as one month" unfavorably. United States v. Benton, 639 F.3d 723, 727 (6th Cir. 2011).

Here, Martinez did not properly move to withdraw his guilty plea until 84 days had elapsed from the taking of the plea. That is, quite plainly, too long of a timespan, and certainly does not evince a "swift change of heart." Fernandez-Santos, 136 F. Supp. 3d at 166. Accordingly, the timing of Martinez's motion weighs against the withdrawal of his guilty plea.

Alternatively, calculating the length of delay from the date of Martinez's stricken pro-se motion yields an identical result.[2] Forty-three days are still too many. See Benton, 639 F.3d at 727.

C. *Claim of Innocence*

It may be just and fair to allow the withdrawal of a guilty plea when a defendant presents a colorable claim of innocence. See United States v. Fernandez-Santos, 856 F.3d 10, 19 (1st Cir. 2017); United States v. Negron–Narvaez, 403 F.3d 33, 36 (1st Cir.2005). But, a "mere protestation of innocence" cannot carry the day. Fernandez-Santos, 856 F.3d at 19 (quoting United States v. Kobrosky, 711 F.2d 449, 455 (1st Cir. 1983)). "A defendant must put forward factual contentions that create a legally cognizable defense to the charges, otherwise he has not effectively denied his culpability, and the district court may deny the motion to withdraw." Id. (internal quotations omitted).

Martinez falls well short of establishing a colorable claim of innocence. Indeed, in his motion, he states merely that he is innocent because he did not participate in the alleged crimes and that the government "has not [sic] evidence that links him in any form or manner" to the

---

[2] Martinez' attorney delayed an additional – and excessive – 41-days in moving to withdraw the guilty plea.

charged crimes. The Court will not elevate such scant and trite assertions. As such, Martinez has failed to make a colorable claim of innocence.

No factor favors Martinez. [3] Therefore, his motion cannot succeed.

### III. CONCLUSION

For the reasons specified above, Martinez's motion to withdraw his guilty plea is **DENIED**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, December 13, 2019.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PÉREZ-GIMÉNEZ**
**SENIOR U.S. DISTRICT JUDGE**

---

[3] The Court need not reach the prejudice phase of the analysis. See Marrero-Rivera, 124 F.3d at 347.